UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LUISA AVILES, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MCCARTHY, BURGESS & WOLFF, INC. and HSN, INC. d/b/a HOME SHOPPING NETWORK<br><br>　　　　　Defendants. | Case No.: 17-cv-1338<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Louisa Aviles is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer payment, namely a consumer credit card.

6. Defendant McCarthy, Burgess & Wolff, Inc. ("McCarthy") is a foreign corporation with its principal place of business located at 26000 Cannon Road, Cleveland, OH 44146.

7. McCarthy is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. McCarthy is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. McCarthy is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant HSN, Inc. ("HSN") is a foreign corporation with its principal place of business located at 1 HSN Drive, St. Petersburg, FL 33729.

10. On its face, Wis. Stat. § 427.103(3) applies both to creditors collecting on their own behalf and to creditors who hire other debt collectors to collect on the creditor's behalf.

11. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

12. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

2

13. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

14. The Wisconsin Department of Financial Institutions, which has been tasked with administering the Wisconsin Consumer Act since it was passed in 1971, *see* Wis. Stat. §§ 421.301(2) and 426.103, interprets Wis. Stat. § 427.103(2) to mean that:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of 'debt collector' under the federal Fair Debt Collection Practices Act. . . . Compliance with Wisconsin law does not ensure compliance with the federal law and vice versa.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

15. HSN is a "debt collector" under Wisconsin law, in that it collects consumer debts owed to itself, both directly and indirectly through collection agencies.

16. HSN uses third party debt collection agencies, including McCarthy, to collect consumer debts. HSN, directly or indirectly, is thus a debt collector under this arrangement. Wis. Stat. § 427.103(3).

17. A company meeting the definition of a "debt collector" (here, HSN) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

3

# FACTS

18. On or about January 9, 2017, McCarthy mailed a debt collection letter to Plaintiff regarding debt allegedly owed to "HSN, Inc. d/b/a Home Shopping Network." A copy of this letter is attached to this complaint as Exhibit A.

19. The debt referenced in Exhibit A was incurred as a result of two transactions with HSN for the purchase of personal, family, or household goods with an agreement to defer pay.

20. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Upon information and belief, Exhibit A is a form debt collection letter used by McCarthy to attempt to collect alleged debts.

22. Upon information and belief, Plaintiff had entered into two modified payment plans, referred to in Exhibit A as a "FlexPay account(s)," sometime prior to January 9, 2017.

23. Upon information and belief, HSN referred Plaintiff's FlexPay accounts to McCarthy for collection prior to the terms of the agreements ended.

24. Upon information and belief, at the time HSN referred Plaintiff's FlexPay accounts to McCarthy for collection, Plaintiff was current with all payments according to the terms of the modified agreement.

25. Plaintiff was confused by Exhibit A. She had no idea why McCarthy was collecting on an account which was actually current.

26. The Seventh Circuit has held that a party who erroneously treats an alleged debt as being in default, even if it is not in default, is a "debt collector" under 15 U.S.C. §1692a(6). *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003).

27. The unsophisticated consumer would be confused by Exhibit A.

28. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

5

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Count I is brought against Defendant McCarthy.

34. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. § 1692e(2)(A) specifically prohibits any false representation of the "the character, amount, or legal status of any debt."

36. 15 U.S.C. § 1692f generally prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

37. Exhibit A is misleading as to the legal status of Plaintiff's alleged debt in that the issuance of a debt collection letter falsely implies Plaintiff was in default on the terms of her modified payment agreement.

38. By sending Plaintiff a debt collection letter before the terms of her payment agreement had terminated, McCarthy unconscionably sought to engage in deceptive and harassing conduct against Plaintiff in order to accelerate the repayment of the alleged debt.

39. Defendant McCarthy therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692f.

## COUNT II – WCA

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

6

41. Count II is brought against both Defendants McCarthy and HSN.

42. Wis. Stat. § 427.104(1)(g) specifically prohibits a debt collector from "Communicat[ing] with the customer or a person related to the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

43. Wis. Stat. § 427.104(1)(h) specifically prohibits a debt collector from "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

44. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "Claim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

45. At the time McCarthy sent <u>Exhibit A</u> to Plaintiff, Plaintiff only owed the amount of the next payment, not the entire balance. Yet <u>Exhibit A</u> erroneously treated the balanced as if it had been accelerated.

46. By sending Plaintiff a debt collection letter before the terms of her payment agreement had terminated, Defendants McCarthy and HSN communicated with Plaintiff in such a manner and engaged in conduct that could reasonably be expected to harass Plaintiff.

47. Defendants McCarthy and HSN violated Wis. Stat. §§ 427.104(1)(h), 427.104(1)(g) and 427.104(1)(j).

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by McCarthy, (c) seeking to collect the entire balance due, (d) on an HSN FlexPay account, (e) when the consumer was

7

Case 2:17-cv-01338-WED   Filed 09/29/17   Page 7 of 9   Document 1

current on payments on the FlexPay account, (f) seeking to collect a debt for personal, family or household purposes, (g) between September 29, 2016 and September 29, 2017, inclusive, (h) that was not returned by the postal service.

49. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

50. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

51. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

52. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

53. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

54. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 29, 2017.

                                         **ADEMI & O'REILLY, LLP**

By:   /s/ John D. Blythin
       Shpetim Ademi (SBN 1026973)
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       sademi@ademilaw.com
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com